The **PEOPLE of the State of Colorado,**
**Plaintiff-Appellee,**

v.

**Vincent A. WILSON,**
**Defendant-Appellant.**

No. 84CA1268.

Colorado Court of Appeals,
Div. I.

Nov. 29, 1985.

Rehearing Denied Dec. 26, 1985.

Certiorari Granted (Wilson)
April 14, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Cynthia D. Jones, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Douglas D. Barnes, Deputy State Public Defender, Denver, for defendant-appellant.

ENOCH, Chief Judge.

Defendant, Vincent A. Wilson, appeals the trial court's order revoking his sentence to placement in a community corrections facility. We affirm.

Defendant pled guilty to second degree burglary. The court denied Wilson's request for probation and, after a hearing, sentenced him to placement in a community corrections facility for two years plus one year of parole. The court designated the probation department as the supervising authority. Several months after imposition of sentence, defendant failed to return to the facility, in violation of the conditions of his placement. Subsequently, he was apprehended and confined in the county jail. A hearing was then held before the court with defendant, his counsel, and the district attorney present. Relying on a report filed

by defendant's probation officer which stated that defendant had not returned to the facility or contacted the officer or community corrections' staff, the court revoked his sentence to community corrections and resentenced him to the department of corrections for two years plus one year parole. The order gave defendant credit for the time he served in community corrections.

Defendant's specific argument on appeal is that the trial court, by not affording him an opportunity to be heard, to present evidence, and to cross-examine witnesses concerning the revocation of his sentence to community corrections, violated his right to due process. He argues that placement in a community corrections facility involves a substantial, if conditional, liberty interest within the protection of the due process clause of the Fourteenth Amendment, and, therefore, revocation of that placement requires at least an informal hearing. Defendant does not raise any particular objections to the resentencing aspect of the proceeding.

Neither statutory law nor the due process clause of the Fourteenth Amendment requires a court to afford defendant a hearing before his sentence to a community corrections facility is revoked. Section 17–27–103(3), C.R.S. (1985 Cum.Supp.) authorizes the corrections board to reject an offender even after initial acceptance of that offender into the community corrections program. It provides:

> "The corrections board has the authority to accept, reject, or reject after acceptance the placement of any offender in its community correctional facility or program pursuant to any contract or agreement with the department or a judicial district.... The sentencing court is authorized to make appropriate orders for the transfer of such offender to the department and to resentence such offender and impose any sentence which might originally have been imposed without increasing the length of the original sentence."

Section 17–27–114, C.R.S. (1985 Cum.Supp.) provides:

(1) Where the administrator of a community correctional facility or any other appropriate supervising authority has cause to believe that an offender placed in a community correctional facility has violated any rule or condition of his placement in that facility ... the administrator or other authority shall certify to the appropriate judicial or executive authority the facts which are the basis for his belief and execute a transfer order to any sheriff ... to transport the offender to the county jail ... where he shall be confined pending a determination by the appropriate court or executive authorities as to whether or not the offender shall remain in community corrections...."

(2) If the sentencing court determines that the offender shall not remain in community corrections, the court is authorized to make appropriate orders for the transfer of such offender from the county jail to a correctional facility and to resentence such offender and impose any sentence which might originally have been imposed without increasing the length of the original sentence.

The trial court correctly followed all statutory procedures before revoking defendant's sentence to community corrections. Defendant was given a full hearing in compliance with due process when his sentence was first imposed, and a subsequent revocation of that sentence does not invoke the protection of the due process clause of the Fourteenth Amendment and require another "full hearing."

Order affirmed.

SMITH and VAN CISE, JJ., concur.